## PEOPLE EX REL. DOWNER V. ANNIS.

Under the constitution the office of district attorney must be filled either by election or by appointment. Such officer is also required to be a resident of the district in which he is elected or appointed. However, if the legislature, acting under authority expressly conferred by the constitution, transfers the county in which he resides to another district, he does not become the prosecuting officer of the latter district.

ORIGINAL case in the nature of *quo warranto*.

Downer was elected district attorney of the first judicial district. At the time of his election his residence was, and ever since has been, in Boulder county, which then constituted a part of said district. Thereafter the legislature created the eighth judicial district by taking Boulder county from the first, and uniting it with certain other counties from the second, and certain new counties created at the same session of the legislature. The governor appointed a district judge for the eighth district, who in turn appointed and commissioned respondent, Annis, to act as district attorney of said eighth district until the first succeeding general election. Annis thereupon filed his bond, took the oath of office, and entered upon the discharge of his duties. These matters are brought before the supreme court upon an agreed state-

ment of facts, for the purpose of having that tribunal determine which of the parties named is entitled to hold the office in controversy.

ALVIN MARSH, Attorney-General, for relator.

Mr. FRANK J. ANNIS, respondent, *pro se.*

HELM, J.   Relator's argument in support of his right to the office in dispute rests upon two premises: *First,* that, by the act of 1887, the seven judicial districts theretofore existing were obliterated,— the entire state became a body of territory wholly without judicial district organization, and was then carved up into nine *new* districts; and, *second,* that the legislature was powerless to deprive him of his office.   Both of these premises are open to serious question; but, if (for the purposes of this case only) we accept them as correct, relator's conclusion that he became district attorney of the eighth district does not follow.

At the time of his election to the office of district attorney there was no eighth judicial district in the state. The voters of the first district, which included Boulder county, where he resided, made him the prosecuting officer of that district.   Under the act of 1887, the identity of the first district remains unchanged.   It retains its original number, and three of the most important of its original counties.   In our judgment, the detaching of Boulder, Grand and Routt, and placing them in other districts, did not destroy this identity.   But, were we to concede that it did, relator's claim would not be strengthened; for he could not (nor does he) contend that the *eighth* district, consisting of Boulder and four other counties which were not previously included in the first, is in any sense, or for any purpose, to be regarded as the old first district.

There are but two constitutional ways of filling the office of district attorney, viz., by election and appoint-

ment.   Relator has never been either elected or appointed to this office in the eighth district.   If, under the constitution and statute, he remains in office at all, it must be as attorney for the first district.   As shown, the old first and the new eighth districts cannot be considered identical; and, while we do not say that relator was legislated out of the office to which he was constitutionally elected, we certainly cannot hold that he was legislated into a new and different office.   True, the district attorney must, by virtue of a constitutional mandate, be a resident of the district in which he is elected or appointed; but where the legislature, acting under authority expressly conferred by the constitution, transfers the county of his residence to another district, it does not follow that he thereby becomes the prosecuting officer of the latter district. ·

Relator's contention, if allowed, might lead to serious and perplexing embarrassment.   Supposing the county of his residence had been, by the act of 1887, transferred to an existing district that already had its prosecuting attorney; or supposing a new district had been created by uniting two counties from different districts in which the respective district attorneys resided,— under relator's view, by what rule or principle could the courts be guided in adjudicating between the two contestants for the office in controversy?

Relator cannot successfully dispute the title of respondent, who was appointed district attorney of the eighth district by the judge of that district, and who, having duly qualified, is discharging the duties of the position.

The interrogatory propounded in the agreed statement must be answered in favor of respondent.   Judgment that he is entitled to hold the office in question will be accordingly entered.